IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andres Leroy Washington Glenn, | C/A No.: 1:16-3410-CMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Shea LNU, | |
| Defendant. | |

This matter is before the court on Plaintiff's complaint dated September 29, 2016. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). For the reasons that follow, the undersigned recommends that the district judge dismiss this case without prejudice and without service of process.

I.      Procedural and Factual Background

This matter was originally sent to state court and was forwarded to this court on October 10, 2016. [ECF No. 1-1 at 4]. The state court forwarded the complaint to the undersigned, presumably because it is on a district court complaint form, and Plaintiff notes that the undersigned has been assigned to previous matters filed in this court. [ECF No. 1 at 1]. When the Clerk's Office docketed the complaint as a new case, it relied on the address Plaintiff listed on the complaint itself, as the state court did not include the original envelope in the documents forwarded to this court. The address listed and docketed by this court is 5640 Hopkins Blvd., Columbia Low Richland, SC 292063.

The undersigned issued orders on October 24, 2016, and November 21, 2016, directing Plaintiff to bring this case into proper form. [ECF Nos. 5, 8]. The orders specifically required Plaintiff to submit the filing fee or to submit a motion to proceed in forma pauperis. *Id*. Plaintiff has filed no response, and the November 21, 2016 order was returned as undeliverable. [ECF No. 10]. After an independent review of Plaintiff's address of record and after additional research, it appears Plaintiff intended to list as his address the address for Piedmont Pathways Community Residential Care Facility, 5640 Lower Richland Blvd., Hopkins, SC 29061.

Plaintiff names Shea LNU as the defendant and indicates she is a secretary. [ECF No. 1 at 2]. In the statement of the claim portion of the complaint, Plaintiff states:

> I put my bag down wet to throw out the dirt water and she went in my bag and wrote a check I do not for how much I just want the money put back in my account I do not what to press charges. They hold me here so long
>
> She wrote some checks are maybe one check out of my checkbook I would like to get my money back from her and go back to pass way a boarding home I love from day one.

*Id*. at 3–4.

II.    Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

2

28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

The undersigned recommends this matter be dismissed for the following reasons: (1) Plaintiff's failure to provide a proper address has caused this court to be unable to communicate with him; (2) Plaintiff has not brought this case into proper form for service of process, including either submitting the filing fee or a motion to proceed in forma pauperis; (3) it does not appear from the facts of the complaint that this court has

3

jurisdiction over Plaintiff's claims; and (4) even if this court were to have jurisdiction over Plaintiff's claims, he has not provided sufficient factual allegations to set forth a claim upon which relief may be granted.

It is Plaintiff's responsibility to provide the court with a valid address. The Clerk of Court does not have authority to independently research a party's address, even when the address is obviously incorrect. Here, although the court believes Plaintiff may have intended to use another address, it has no means to independently verify his address. Further, Plaintiff's complaint appears to state that he wants to return to Piedmont Pathways, which implies that he no longer resides there. [ECF No. 1 at 4 ("I would like to . . . go back to passway a boarding hiome I love from day one.")]

Although it may be related to his failure to provide a proper address, Plaintiff has also failed to provide the necessary documents to advance this case. The undersigned notes that Plaintiff has provided such documents in prior cases. *See, e.g., Glenn v. Metal Health*, C/A No. 3:15-4077-CMC. Without the proper documents, the court must dismiss the matter for Plaintiff's failure to prosecute.

Even if Plaintiff had provided a proper address and the necessary documents to bring this case into proper form, Plaintiff has not alleged facts showing this court has jurisdiction of his claim. Plaintiff has not alleged facts establishing the court has diversity jurisdiction over his claim. If Plaintiff is attempting to bring this case pursuant to 42 U.S.C. § 1983, he has failed to allege that defendant acted under the color of state law.

Finally, even if the court were to have jurisdiction over this matter, Plaintiff has failed to allege sufficient facts. A complaint must contain "a short and plain statement of

4

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Here Plaintiff has not alleged any facts describing how he knows that defendant forged a check from his account.

Even if the court were to believe that defendant forged a check, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230–31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's property did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for such loss). In South Carolina, a plaintiff may bring an action for recovery of personal property against officials who deprive him of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). Because Plaintiff has an adequate state

5

remedy available to address defendant's alleged deprivation, his complaint would nevertheless be subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this matter be dismissed without prejudice and without service of process. Out of an abundance of caution, the undersigned directs the Clerk's Office to mail this report and the court's November 21, 2016 order to Plaintiff at his address of record and to 5640 Lower Richland Blvd., Hopkins, SC 29061. If Plaintiff brings this case into proper form within the deadline for filing objections to this report, the Clerk is directed to vacate the Report.[1] If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the district judge for disposition.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 13, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] Plaintiff is further advised that he should provide a basis for the court's jurisdiction and sufficient facts showing he is entitled to relief.

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).